JS 44 (Rev 06/17)    GEKP    CIVIL COVER SHEET    2:18-3535

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RICHARD C. HUNTSMAN, *individually and on behalf of all others similarly situated*

(b) County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Robert P. Cocco, P.C.,
1500 Walnut St., Ste. 900, Philadelphia, PA 19102
215-351-0200

## DEFENDANTS
CONVERGENT OUTSOURCING, INC.

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☒ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 15 U.S.C §227 et seq.
Brief description of cause: inaccurate credit reporting dispute

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: _____
DOCKET NUMBER: _____

AUG 20 2018

DATE: 8/20/18
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*   S.T.

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

GEKP

18cv3535

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 103 Dawn Lane, Honey Brook, PA 19344

Address of Defendant: c/o CT Corporation System, 116 Pine St., Ste. 320, Harrisburg, PA 17101

Place of Accident, Incident or Transaction 103 Dawn Lane, Honey Brook, PA 19344

***RELATED CASE, IF ANY:***

Case Number: n/a Judge: ________ Date Terminated: ________

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/20/2018 [signature] 61907

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases *(Please specify)*: TCPA

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*: ________
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify)*: ________

## ARBITRATION CERTIFICATION

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ROBERT COCCO, counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 08/20/2018 [signature] 61907

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

AUG 20 2018

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

RICHARD C. HUNTSMAN, *individually and on behalf of all others similarly situated* : CIVIL ACTION
v.
CONVERGENT OUTSOURCING, INC. : NO. 18 cv 3535

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 8. ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( X )

(f) Standard Management -- Cases that do not fall into any one of the other tracks. ( )

8/20/18
(Date)

Attorney-at-law

ROBERT P. COCCO, ESQ.
Attorney for Plaintiff

AUG 20 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

RICHARD C. HUNTSMAN, individually and : 
on behalf of all others similarly situated, :
        Plaintiff, : No.

v. :

CONVERGENT OUTSOURCING, INC., :
        Defendant. :

## CLASS ACTION COMPLAINT

Plaintiff Richard C. Huntsman ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class," as defined below), upon personal knowledge as to the facts pertaining to herself and upon information and belief as to all other matters, and based on the investigation of counsel, brings this class action against defendant CONVERGENT SOLUTIONS, INC. ("Convergent" or "Defendant") for statutory damages and injunctive relief, demands a trial by jury, and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C.§ 227 et seq., 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2. This matter in controversy exceeds $5,000,000.00, as each member of the proposed Classes is entitled to between $500.00 and $1,500.00 in statutory damages for each call that has violated the TCPA. Further, Plaintiff's alleged Classes include at least one Class member belonging to a different state. Therefore, the elements of subject matter jurisdiction pursuant to 28 U.S.C. §1332(d) and the Class Action Fairness Act ("CAFA") are present.

3. This Court possesses specific personal jurisdiction over Defendant as a result of its acts within this District that violate the TCPA and FDCPA.

4. Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

## PARTIES

5. Plaintiff Richard C. Huntsman is a natural person residing at 103 Dawn Lane, Honey Brook, PA 19344.

6. Plaintiff is the "called party" with respect to the calls placed to his cellular telephone number, (###) ###-#### as further described herein. See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012); In re Rules and Regulations Implementing the TCPA of 1991, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 8000-8001 (¶ 73), 2015 WL 4387780 (July 10, 2015).

7. Defendant Convergent Outsourcing Inc. ("Convergent") is a corporation with principal offices Atlanta Georgia and an agent for service of civil process at CT Corporation System, 116 Pine St., Ste. 320, Harrisburg, PA 17101Convergent engages in the collection of defaulted student loan debts using the mails and telephone.

8. Convergent is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C.§ 153(10).

## THE TELEPHONE CONSUMER PROTECTION ACT

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding the proliferation of telephone calling practices involving the use of certain equipment that were found to be intrusive, a nuisance, an invasion of privacy and a

risk to public safety.[1] The TCPA vests the FCC with authority to issue rules and regulations implementing the TCPA.[2]

10. Section 227(b)(1)(A)(iii) of the TCPA makes it unlawful for any person or entity to make any call using an automatic telephone dialing system or an artificial or prerecorded voice to a cellular telephone number without the prior express consent of the called party.

11. In 2008, the FCC issued a Declaratory Ruling that qualified the "prior express consent" exemption with respect to calls made in relation to a debt, specifying that "consent is deemed to be granted only if the cellular number called: '(1) was provided by the consumer to the creditor; and (2) was provided during the transaction that resulted in the debt owed.'"[3]

12. Convergent has a corporate policy of making impermissible contacts to cell phone numbers of non-borrowers in an effort to collect loans that have gone into delinquency or default by its debtors.

13. Convergent has violated the TCPA by making autodialed calls to cellular telephone numbers of such non-borrowers in relation to the collection of its debtors' delinquent or defaulted debts, without the prior express consent of the non-borrower called parties. Convergent has further violated the TCPA by continuing to make autodialed calls to non-borrowers' cellular telephone numbers after being instructed to stop calling.

---

[1] See Pub. L. 102–243, § 2, 105 Stat. 2394 (1991) (notes to 47 U.S.C. § 227).

[2] See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order (July 3, 2003).

[3] See In the Matter of Rules & Regulations Implementing the TCPA of 1991, 23 F.C.C.R. 559, 564-65 (¶ 10) (Jan. 4, 2008).

## FACTUAL ALLEGATIONS

14. Beginning on or about May 1, 2018, Convergent called Plaintiff multiple times on his cell phone from telephone number 215-220-4575, among others, including but not limited to the screen captures from Plaintiff's cell phone attached hereto as Ex. "A".

15. After receiving approximately forty (40) calls from Defendant on his cell phone, plaintiff called Defendant on July 13, 2018, to discover Defendant's identity and the reason for the aforesaid calls.

16. Defendant responded by asking plaintiff for his name and phone number which plaintiff provided accordingly.

17. Thereafter, Defendant admitted having called the wrong number, and promised plaintiff to cease calling him or his cell phone.

18. Defendant called plaintiff again an hour after the aforesaid July 13, 2018 phone conversation.

19. Defendant called plaintiff again on July 17, 2018.

20. Plaintiff has suffered emotional stress and mental anguish as a result of the Defendant's wrongful and harassing collection calls to his cell phone.

21. All telephone contact by Convergent described herein to plaintiff's cellular telephone occurred via an "automatic telephone dialing system" (ATDS) and/or system with ATD capacity, as defined by 47 U.S.C.§227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.[4]

---

[4] The FCC has emphasized in its declaratory orders implementing the TCPA that a "predictive dialer" constitutes an "automated telephone dialing system" under the TCPA and is subject to the TCPA's restrictions on the use of autodialers. See In re Rules & Regulations Implementing the TCPA, 18 FCC Rcd. 14014, 14091 (FCC 2003); In the Matter of Rules & Regulations Implementing the TCPA of 1991, 23 F.C.C.R. 559, 566 (¶ 12) (Jan. 4, 2008).

22. Neither plaintiff, nor anyone else with authority to consent on Plaintiff's behalf, ever provided Convergent with "prior express consent" to call plaintiff on his cellular telephone number.

23. Each of the unwanted autodialed calls at issue occupied Plaintiff's cellular telephone line, even when the call was not answered, rendering the line unavailable for Plaintiff to use for any other purpose and creating a significant and material safety risk by making the line unavailable for emergency use. Plaintiff considered these unwanted autodialed calls to be intrusive, annoying and an invasion of his privacy.

24. Convergent's corporate policy is structured to continue to make autodialed calls to cellular telephone numbers of non-borrowers like the Plaintiff, despite its knowledge that these individuals are non-borrowers that have not provided Convergent with prior express consent to make such autodialed calls, and despite these individuals' instructions to stop calling.

25. Defendant Convergent followed its corporate policies when attempting to communicate with the Plaintiff by initiating autodialed calls to his cellular telephone number, as described herein.

26. Defendant Convergent has been the recipient of numerous complaints from non-debtors across the country, similar to those alleged in this action by Plaintiff.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3) on his own behalf and behalf of the following Classes of similarly-situated persons defined as follows:

1. **National Class:** All cellular telephone subscribers in the United States who from May 1, 2014 to the present (the "Class Period") received an autodialed call

from Convergent on their cellular telephone number without their "prior express consent" regarding a debt they do not owe.

2. **National Sub-Class:** All cellular telephone subscribers in the United States who from May 11, 2014 to the present (the "Class Period") (1) received an autodialed call from Convergent on their cellular telephone number without their "prior express consent" regarding a debt they do not owe; and (2) directed Convergent not to call their cellular telephone number; and (3) thereafter received an autodialed call from Convergent on their cellular telephone number.

Excluded from the Classes are persons who provided prior express consent to receive calls from Convergent, unless that prior express consent had been revoked. Further excluded are Defendant and its subsidiary(ies), officers, directors, employees, partners and co-venturers. Also excluded are any federal, state, or local governmental entities, any judicial officer presiding over this action, and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

28. The Classes satisfy the FED. R. CIV. P. 23 numerosity, commonality, typicality, adequacy, predominance, superiority and ascertainability requirements.

29. Plaintiff does not know the exact size or identities of the members of the proposed Class, since such information is in the exclusive control of Defendant and its agents. However, Plaintiff reasonably believes that the Classes encompass at minimum many thousands of consumers.

30. Plaintiff and all members of the Classes have been harmed by the unlawful acts of Defendant. The privacy of the Plaintiff and the Classes were violated, and they were subjected to annoying, intrusive and harassing calls regarding student loan accounts they do not owe and for

6

which they did not provide consent.

31. The joinder of all members of the Classes is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The identities of the Class members can be readily ascertained from Convergent and its agents' call records.

32. There are well-defined, nearly identical, questions of law and fact affecting all parties. Common question of law and fact raised in this action concerning the Classes' claims include the following:

(a) Whether the calls made to Plaintiff and members of the Classes' cellular telephone numbers were made using an automated telephone dialing system or predictive dialer as defined by the TCPA and the FCC;

(b) Whether the calls by Convergent to the Plaintiff and members of the Classes' cellular telephone numbers were made with prior express consent;

(c) Whether such calls were made by or on behalf of Convergent;

(d) Whether such calls were made for an emergency purpose;

(e) Whether Convergent violated the TCPA;

(f) Whether Plaintiff and the Classes are entitled to damages, declaratory relief and/or injunctive relief as a result of Defendant's violations of the TCPA;

(g) Whether Convergent's conduct was willful or knowing; and

(h) Whether the calls Convergent makes are for the purpose of collecting debts owed to or guaranteed by the United States government.

33. Plaintiff asserts claims that are typical of each member of the Classes.

34. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained able counsel with extensive experience in prosecuting class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA. Plaintiff's interests are coincident with, and not antagonistic to, the interests of the Classes.

35. The questions of law and fact common to the members of the Classes predominate over any questions affecting only individual Class members, including legal and factual issues relating to liability and damages.

36. The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA. Since the damages, or statutory damages, suffered by individual members of the Classes may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class individually to redress the wrongs done to them. The Classes are readily definable, and prosecution of this action as a class action will eliminate the possibility of repetitious litigation. Plaintiff will encounter no difficulty in managing this action as a class action.

38. Defendant has acted and refused to act, as alleged herein, on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief to the Classes. Moreover, the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered

**D.     Causes Of Action**

## COUNT I

### STRICT LIABILITY VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT

39.     The allegations above are re-alleged and incorporated herein by reference.

40.     Plaintiff and the members of the Class and Sub-Class are "called part[ies]" under the TCPA.

41.     The foregoing acts and omissions of defendant constitute numerous and multiple strict liability violations of the TCPA, including but not limited to 47 U.S.C.§227(b)(1)(iii), by each and every call made in violation of the statute, pursuant to 47 U.S.C.§227(b)(1)(B).

42.     The TCPA provides Plaintiff and the Non-Borrower Call Class with a private right of action against Defendant Convergent for its strict liability violations of the TCPA, as described herein, pursuant to 47 U.S.C. § 227(b)(3). Plaintiff and the Non-Borrower Call Class are entitled to both injunctive relief and statutory damages of $500 per call made by Convergent in violation of the TCPA.

43.     Plaintiff and the Non-Borrower Call Class are also entitled to an award of attorneys' fees and costs on an equitable basis to be paid through a "common fund," or similar theory.

## COUNT II

### WILLFUL OR KNOWING VIOLATIONS
### OF THE TELEPHONE CONSUMER PROTECTION ACT

44.     The allegations above are re-alleged and incorporated herein by reference.

45.     Plaintiff "called part[ies]" under the TCPA.

46. The foregoing acts and omissions of Defendant constitutes numerous and multiple willful or knowing violations of the TCPA, including but not limited to 47 U.S.C.§227(b)(1)(iii) by each and every call in violation of the statute, pursuant to 47 U.S.C.§227(b)(1)(B).

47. "Willful" is defined as "the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any . . . rule or regulation of the Commission . . . ." 47 U.S.C. § 312 (f)(1).

48. Defendant intentionally and voluntarily made at least two (2) calls to plaintiff's cell phone

49. Defendant willfully or knowingly violated the TCPA with respect to Plaintiff and the Willful or Knowing Call Class by voluntarily placing non-emergency calls to the cellular telephone number of the Plaintiff using an automated telephone dialing system with knowledge that it did not have the prior express consent of the Plaintiff, and after being instructed to stop calling.

50. The TCPA provides Plaintiff with a private right of action against Defendant Convergent for its willful and/or knowing violations of the TCPA, as described herein, pursuant to 47 U.S.C. § 227(b)(3). Plaintiff is entitled to both injunctive relief and statutory damages of up to $1,500 per call made by Convergent that willfully or knowingly violated of the TCPA.

51. Plaintiff is also entitled to an award of attorneys' fees and costs on an equitable basis to be paid through a "common fund," or similar theory.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

52. The allegations above are re-alleged and incorporated herein by reference.

53. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to:

(a) §1692d, Engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person by continually calling a person not connected to the alleged debt, plaintiff Mr. Huntsman;

(b) §1692e(2)(A) by making a false representation of the character, amount, or legal status of any debt by attempting to collect a debt that was not owed;

(c) §1692f, by unfairly and unconscionably collecting or attempting to collect the debt by its actions described above herein.

54. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## TRIAL BY JURY

55. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

A. for defendants' negligent violations of 47 U.S.C.§227(b)(1), $500.00 in statutory damages for each and every call that violated the TCPA, pursuant to 47 U.S.C.§227(b)(3)(B);

B. for defendants' willful and/or knowing violations of 47 U.S.C.§ 227(b)(1), up to $1,500.00 for each and every call that violated the TCPA, pursuant to 47 U.S.C.§227(b)(3)(B);

C. for such other and further relief as may be just and proper.

Dated: August 20, 2018

*/s/ signature*
ROBERT P. COCCO, P.C.
Attorney for Plaintiff
By: Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 351-0200
Attorney for Plaintiff

*/s/David P. Mitchell*
David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
Attorney for Plaintiff
*Pro hac vice* pending